## EDWARD KIRBY v. MILTON DAIRY COMPANY.[1]

October 27, 1911.

Nos. 17,350—(32).

**Evidence.**
    In this, a personal injury action, the verdict is sustained by the evidence.

Action in the district court for Ramsey county against Elizabeth J. Fitzpatrick and the Milton Dairy Company to recover $12,250 for personal injuries. The separate answer of Milton Dairy Company was a general denial. The case was tried before Bunn, J., who granted a motion, when plaintiff rested his case, to dismiss the action as to defendant Fitzpatrick. The jury returned a verdict in favor of plaintiff for $1,250. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Thomas J. McDermott,* for appellant.
*Thomas McDermott* and *John J. Kirby,* for respondent.

SIMPSON, J.

A trial of this, a personal injury action, resulted in a dismissal as to the defendant Fitzpatrick and a verdict against the defendant

[1]Reported in 132 N. W. 995.

Milton Dairy Company. This defendant, having made alternative motions for judgment notwithstanding the verdict or for a new trial, appeals from an order denying such motions.

By his pleading the plaintiff claimed that there was, and had been for a long time, a hole or opening between trapdoors maintained by the appellant and forming part of the sidewalk in front of appellant's property over an area way; that while the defect was partially concealed by ice formed thereover, the plaintiff, while walking along the sidewalk, slipped, and caught his foot in the hole, and fell, receiving severe injuries. The evidence introduced amply establishes the existence of the defect in the trapdoors and that an injury was received by the plaintiff. The appellant urges that the evidence does not establish that the plaintiff fell on the walk as claimed. The plaintiff testified to such fact, and he was fully corroborated by a witness produced on behalf of the plaintiff, who testified that he saw the plaintiff fall. The defendant introduced impeaching and conflicting evidence.

The credibility of witnesses and the weight of conflicting testimony are matters within the province of the jury. The trial judge, having seen and heard the witnesses, refused to disturb the verdict in plaintiff's favor. Clearly it would be directly contrary to the rule, repeatedly announced as governing the action of this court, if, under these conditions, we undertook to determine whether the testimony of the plaintiff and a witness who testified to having seen the accident was outweighed or discredited by the testimony relied on by the appellant. The objection to the verdict because of the amount of the damages awarded involves substantially the same question—the credibility of the plaintiff's testimony as to the extent of his injury and disability. The record discloses no ground for a reversal of the order of the trial judge.

Affirmed.

Bunn, J., took no part.